**NEWMAN, Appellant,**

v.

**FARMACY NATURAL AND SPECIALTY FOODS et al., Appellees.**

[Cite as *Newman v. Farmacy Natural & Specialty
Foods*, 168 Ohio App.3d 630, 2006-Ohio-4633.]

Court of Appeals of Ohio,
Fourth District, Athens County.

No. 06CA1.

Decided Aug. 31, 2006.

632

Darin C. James Co., L.P.A., and Darin C. James, for appellant.

Mollica, Gall, Sloan & Sillery Co., L.P.A., and Andrew J. Mollica, for appellees.

HARSHA, Presiding Judge.

{¶ 1} Susan Newman appeals the trial court's denial of her motion for relief from judgment. Newman contends that the trial court abused its discretion in failing to qualify Michael Davis as a medical expert witness at the hearing on her motion. However, Davis's expertise is based upon his skills as an administrative case manager and not upon any training, experience, or education in diagnosing or treating brain injuries. Therefore, the trial court did not abuse its discretion in deciding that he was not qualified to render an expert opinion on the medical effects that Newman has suffered as a result of her head injuries.

{¶ 2} Newman also contends that the trial court erred in denying her motion for relief from judgment. Because Newman has failed to show that she is entitled to relief based on excusable neglect, and because the motion was not filed in a timely manner under Civ.R. 60(B), the trial court did not abuse its discretion in denying the motion.

## I.  Facts

{¶ 3} Newman suffered injuries in 1999 when a falling piece of wood struck her head while she was shopping at the Farmacy. Newman has received treatment for her injuries from physicians and a psychologist. She has also received case-management advice from Michael Davis, a "brain injury specialist," for the past several years.

{¶ 4} Newman initially filed a complaint against the Farmacy in 2001, alleging negligence. Her first complaint was voluntarily dismissed without prejudice. Newman then filed a second complaint containing the same allegations as the first.

{¶ 5} The Farmacy sent written discovery requests to Newman's counsel. After Newman failed to respond, the Farmacy filed a motion to compel, which the court granted. The Farmacy next filed a motion to dismiss, and the court scheduled a hearing to address the motion. Prior to the hearing, Newman's counsel filed a motion to withdraw, alleging that Newman had not been responsive or in communication with counsel. The court granted that motion.

{¶ 6} On September 2, 2004, Newman appeared without counsel at the hearing on Farmacy's motion to dismiss. Newman informed the court that she would attempt to retain new counsel, and the hearing was rescheduled for September 23, 2004, at Newman's request. Neither Newman nor new counsel attended the September 23, 2004 hearing. The court then dismissed the case with prejudice by an entry dated September 28, 2004.

{¶ 7} On September 27, 2005, Newman, through newly retained counsel, filed a Civ.R. 60(B) motion for relief from judgment, which contended that she was entitled to have the dismissal entry vacated on grounds of excusable neglect. After a hearing on November 28, 2005, the court denied the motion.

{¶ 8} On appeal, Newman asserts the following assignments of error:

I. The trial court abused its discretion in ruling inadmissible the opinions and testimony of plaintiff's case manager and certified brain injury specialist.

II. The trial court abused its discretion in denying appellant's motion for relief from judgment.

## II. Expert Testimony

{¶ 9} Newman contends that the trial court abused its discretion by failing to qualify Michael Davis as an expert. The trial court permitted Davis to testify as a fact witness but excluded a portion of his testimony relating to Newman's competence to attend to legal matters.

{¶ 10} A trial court has broad discretion regarding the admissibility of expert testimony; a reviewing court should not disturb such an admissibility decision absent an abuse of that discretion. *Miller v. Bike Athletic Co.* (1998), 80 Ohio St.3d 607, 616, 687 N.E.2d 735, citing *Calderon v. Sharkey* (1982), 70 Ohio St.2d 218, 24 O.O.3d 322, 436 N.E.2d 1008. The term "abuse of discretion" connotes more than an error of judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Wilmington Steel Prod., Inc. v. Cleveland Elec. Illum. Co.* (1991), 60 Ohio St.3d 120, 122, 573 N.E.2d 622. When applying the abuse-of-discretion standard of review, we are not free to merely substitute our judgment for that of the trial court. *In re Jane Doe 1* (1991), 57 Ohio St.3d 135, 137–38, 566 N.E.2d 1181, citing *Berk v. Matthews* (1990), 53 Ohio St.3d 161, 169, 559 N.E.2d 1301.

■ {¶ 11} Evid.R. 702, which governs the admissibility of expert testimony, states: "A witness may testify as an expert if all of the following apply: (A) The witness' testimony either relates to matters beyond the knowledge or experience possessed by lay persons or dispels a misconception common among lay persons; (B) The witness is qualified as an expert by specialized knowledge, skill, experience, training, or education regarding the subject matter of the testimony; (C) The witness' testimony is based on reliable scientific, technical, or other specialized information." Evid.R. 702. The proponent of the testimony bears the burden of establishing the witness's qualification.

{¶ 12} Newman attempted to qualify Davis as an expert based on the fact that he is certified as a "brain injury specialist" and he has attended numerous seminars, conferences, symposia, and classes on brain injuries since 1986. Davis also has many years of experience as a consultant and case manager for brain-injury sufferers, and has given many presentations on the subject.

■ {¶ 13} It is clear that Davis does have experience working with people suffering from brain injuries. However, his work has been limited to case-management services like coordinating benefits, finding rehabilitation experts, and assisting brain-injury sufferers in retaining appropriate legal counsel. He does not diagnose or provide therapeutic treatment to his clients. In fact, Davis has no formal education or experience in any medical field. And while a degree is not a per se requirement, see *State v. Baston* (1999), 85 Ohio St.3d 418, 423, 709 N.E.2d 128, the experience or specialized knowledge the witness has must "fit" the field about which the witness proposes to testify.

{¶ 14} While Davis's curriculum vitae listed a number of conferences that he has attended, neither he nor the curriculum vitae described the technical or specialized training that he received by attending them. Without some description of the content of the numerous conferences he has attended, it is impossible to tell whether Davis has developed significant skills in the diagnosis of brain injuries. Likewise, since he did not explain the requirements for being certified as a brain-injury specialist, this information falls short of establishing his expertise.

{¶ 15} Davis's experience as an administrative case manager does not qualify him as an expert to testify on the medical effects of brain injuries. Nor does it qualify him to issue an opinion on whether Ms. Newman is competent to handle her daily affairs. Such qualifications would require at least some experience or training in the medical or scientific field. We acknowledge that the Ohio Supreme Court has stated, "Neither special education nor certification is necessary to confer expert status upon a witness," *State v. Hartman* (2001), 93 Ohio St.3d 274, 285, 754 N.E.2d 1150. However, we conclude that in this case, Davis's experience does not fit the subject area, i.e., some training or experience in the

medical or scientific fields is required before Davis could testify about the medical effects, including her competency, that Newman has suffered as a result of her injury. A lengthy exposure to individuals suffering from brain injuries does not by itself qualify an individual to offer expert testimony as to the causes and/or effects of such injuries. Accordingly, the court did not abuse its discretion in failing to qualify Davis as an expert.

### III. Relief from Judgment

{¶ 16} Newman contends that the trial court erred in denying her motion for relief from judgment. Under Civ.R. 60(B), the court may relieve a party from a final judgment due to "(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken."

{¶ 17} In order to prevail on a motion for relief from judgment under Civ.R. 60(B), the movant must demonstrate (1) the existence of a meritorious claim or defense, (2) entitlement to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5), and (3) the timeliness of the motion. *Buckeye Fed. S. & L. Assn. v. Guirlinger* (1991), 62 Ohio St.3d 312, 314, 581 N.E.2d 1352; *GTE Automatic Elec., Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113, paragraph two of the syllabus. If the movant does not satisfy all three requirements, the court must overrule the motion. *Svoboda v. Brunswick* (1983), 6 Ohio St.3d 348, 351, 6 OBR 403, 453 N.E.2d 648.

{¶ 18} The question of whether relief should be granted is addressed to the sound discretion of the trial court and its determination should be reversed only upon a showing of an abuse of such discretion. *Rose Chevrolet, Inc. v. Adams* (1988), 36 Ohio St.3d 17, 20–21, 520 N.E.2d 564. This is the same standard of review that we applied above.

### A. Meritorious Claim

{¶ 19} In order to prevail on her motion for relief from judgment, Newman must first show that she has a meritorious claim or defense. "Under Civ.R. 60(B), a movant's burden is only to allege a meritorious defense, not to

prove that he will prevail on that defense." *Rose Chevrolet, Inc. v. Adams* (1988), 36 Ohio St.3d 17, 20, 520 N.E.2d 564.

{¶ 20} In support of her motion, Newman contends that she suffered injuries on the premises of the Farmacy as a result of negligence on the part of the Farmacy. The Farmacy has conceded the existence of a meritorious claim but contends that Newman has yet to prove her claim. Nevertheless, we conclude that Newman has presented a meritorious claim for Civ.R. 60(B) purposes because, if proven, her claim would entitle her to a judgment against the Farmacy.

### B. Entitlement to Relief/Excusable Neglect

{¶ 21} Next, we must determine whether Newman established grounds for relief under Civ.R. 60(B)(1) based on excusable neglect. Newman contends that her neglect in failing to (1) comply with discovery orders, (2) retain new counsel prior to the dismissal, and (3) appear at the hearing on the motion to dismiss should be excused because it was the result of her physical- and mental-health issues.

{¶ 22} The determination of whether excusable neglect occurred must, of necessity, take into consideration all the surrounding facts and circumstances. *Rose Chevrolet, Inc. v. Adams* (1988), 36 Ohio St.3d 17, 21, 520 N.E.2d 564, citing *Colley v. Bazell* (1980), 64 Ohio St.2d 243, 249, 18 O.O.3d 442, 416 N.E.2d 605. Although courts should strive to decide cases upon their merits rather than upon procedural grounds, that principle must be balanced against the competing principle that litigation must be brought to an end. *Rose Chevrolet*, 36 Ohio St.3d at 21, 520 N.E.2d 564.

{¶ 23} The term "excusable neglect" is an elusive concept that has been difficult to define and to apply. *Kay v. Marc Glassman, Inc.* (1996), 76 Ohio St.3d 18, 20, 665 N.E.2d 1102. The Ohio Supreme Court has stated that the inaction of a defendant is not excusable neglect if it can be labeled as a "complete disregard for the judicial system." Id., quoting *GTE Automatic Elec., Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 153, 1 O.O.3d 86, 351 N.E.2d 113. Neglect is not excusable if the conduct falls substantially below what is reasonable under the circumstances. *GTE*, 47 Ohio St.2d at 152, 1 O.O.3d 86, 351 N.E.2d 113.

{¶ 24} In addition to her own testimony, Newman presented witnesses Michael Davis and Roger Patton to support her contention that the neglect in this case was due to her physical- and mental-health issues. Davis testified that Newman had difficulties with daily functioning and could not focus on more than one task at a time. He testified that in his opinion, Newman is often depressed and will

not attend to the basic demands of life when she enters such a state. He believes that she did not attend to this lawsuit because of her condition. However, he also testified that Newman was capable of conducting basic functions such as eating, driving, dressing, and taking care of her minor children.

{¶ 25} Patton, a friend of Newman's, testified that he believes Newman has sustained a life-changing injury and that she has become obsessive and no longer speaks concisely since the injury. Patton attended the September 2, 2004 hearing with Newman, and he knew that Newman was required to attend the September 23, 2004 hearing. He further testified that he was surprised to hear that Newman had failed to attend that hearing.

{¶ 26} Newman testified that as a result of her condition, she sees a psychologist and a neurologist. She testified that she understood that this case had been refiled. She further understood from the hearing on September 2, 2004, that she had to act promptly or the case would be dismissed again, and this time the dismissal would be final. Newman stated that she did not attend the September 23, 2004 hearing because she had "shut down" as a result of the prescription narcotics she was taking. She further testified that she did not have enough time to retain new counsel before the September 23, 2004 hearing, even though the court had granted her more time than she had originally requested. She did not retain her present attorney until August 2005.

{¶ 27} Taking into consideration all of the surrounding facts and circumstances, the trial court did not abuse its discretion in concluding that Newman failed to establish excusable neglect. Newman's prior counsel served his motion to withdraw on Newman on July 21, 2004. Therefore, she had from late July 2004 until the first hearing on September 2, 2004, to retain new counsel. She failed to retain new counsel by this time, and the trial granted her additional time by continuing the hearing to September 23, 2004, a time period beyond which Newman had requested.

{¶ 28} Furthermore, Newman's appearances at the September 2, 2004 hearing and the November 28, 2005 hearing indicate that she has retained the ability to function and respond to time demands. In fact, she indicated that she had phoned the court prior to the September 23, 2004 hearing to obtain another continuance, and claimed that the staff member she spoke with had told her not to appear.

{¶ 29} In addition, Davis testified that Newman was capable of performing basic functions such as eating, driving, dressing, and even taking care of her children. Therefore, even though Newman may suffer from some mental and physical conditions, she was still aware of the September 23, 2004 hearing, and she knew that she was required to appear. Because the record indicates that Newman was capable of attending to this case, the trial court acted reasonably in

concluding that her neglect is inexcusable. This conclusion alone supports denying the motion.

## C. Timeliness

{¶ 30} In order to satisfy the time requirement for filing a motion for relief from judgment, the motion must be filed "within a reasonable time, and [where the grounds of relief are Civ.R. 60(B)(1), (2) or (3),] not more than one year after the judgment, order or proceeding was entered or taken." Civ.R. 60(B). The determination of what constitutes a reasonable time is left to the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of that discretion. *Miamisburg Motel v. Huntington Natl. Bank* (1993), 88 Ohio App.3d 117, 128, 623 N.E.2d 163. Here, the trial court found that the motion was not filed within a "reasonable time," because it was filed just one day before the one-year time limit expired.

{¶ 31} The movant has the burden of proof to show that the motion was filed timely and "must submit factual material which on its face demonstrates the timeliness of the motion." *Adomeit v. Baltimore* (1974), 39 Ohio App.2d 97, 103, 68 O.O.2d 251, 316 N.E.2d 469. To sustain this burden, "good legal practice dictates that the movant * * * present allegations of operative facts to demonstrate that [s]he is filing [her] motion within a reasonable period of time." Id.

{¶ 32} Newman contends that because of her repeated unsuccessful efforts to retain new legal counsel over the course of the one year following the dismissal of the case, the trial court should have considered her motion timely, even though it was filed just one day before the one-year limit.

{¶ 33} The record indicates that Newman's prior counsel filed his motion to withdraw on July 21, 2004. Newman had an ample amount of time to secure new counsel from July 21, 2004, until September 2005. We conclude that because Newman had been given two chances to retain new counsel, and had more than a year in which to do so, the trial court did not abuse its discretion in rejecting Newman's contention that her unsuccessful attempts to secure counsel justified the delay in filing her motion.

{¶ 34} Newman has failed to satisfy two of the three requirements necessary for the success of her motion for relief from judgment. Accordingly, we affirm the trial court's judgment denying the motion.

Judgment affirmed.

KLINE and MCFARLAND, JJ., concur.