OPINION
{¶ 1} Defendant-appellant, Frutta Del Mondo, Ltd. ("defendant" or "Frutta Del Mondo"), appeals from a judgment of the Franklin County Municipal Court denying its motion for relief from judgment. Because the municipal court did not abuse its discretion by denying defendant's motion for relief from judgment, we affirm the judgment of the municipal court.
 {¶ 2} Alleging that defendant owed $7,780.98 for legal services rendered, on May 25, 2007, plaintiff-appellee ("plaintiff"), Porter, Wright, Morris Arthur, LLP, a law *Page 2 
firm, sued Frutta Del Mondo in the Franklin County Municipal Court. Rather than retaining legal counsel to file an answer on defendant's behalf, in response to plaintiff's complaint, Mr. Brundige, defendant's CEO and president, filed a copy of correspondence from him to plaintiff's counsel concerning the parties' fee dispute.
 {¶ 3} Finding that Mr. Brundige's filing failed to constitute an answer or motion, the municipal court directed the clerk of court to serve plaintiff with a copy of Mr. Brundige's filing along with the court's determination that his filing failed to constitute an answer or motion.
 {¶ 4} Claiming that Mr. Brundige lacked standing to file any pleading because he was not a party to the lawsuit, and alleging Mr. Brundige was not an attorney, plaintiff moved the municipal court to strike his filing. Granting defendant's motion, the municipal court struck defendant's purported "answer" from the record.
 {¶ 5} Plaintiff thereafter moved for a default judgment. Finding that defendant failed to enter an appearance despite having been served with process according to law, the municipal court entered judgment in favor of defendant for $7,780.98, plus interest. Claiming that it was entitled to relief from judgment under Civ. R. 60(B)(1) and (5), shortly after the municipal court rendered its default judgment, defendant, through counsel, moved the court to set aside the default judgment.
 {¶ 6} After holding a hearing to consider defendant's Civ. R. 60(B) motion, the municipal court denied defendant's Civ. R. 60(B) motion. Upon defendant's motion, the municipal court stayed execution of its judgment during the pendency of appeal.
 {¶ 7} From the municipal court's judgment denying defendant's Civ. R. 60(B) motion, defendant now appeals. Defendant advances a single error for our consideration: *Page 3 
 THE CIRCUMSTANCES IN THIS MATTER CONSTITUTE EXCUSABLE NEGLECT AND THEREFORE ALLOW FOR A RELIEF FROM JUDGEMENT [sic] UNDER OHIO REVISED CODE 60(B) [sic].
 {¶ 8} "[I]t is well settled that a judgment denying a motion for relief from judgment filed pursuant to Civ. R. 60(B) is itself a final appealable order." Colley v. Bazell (1980), 64 Ohio St.2d 243, 245, citing Greenspahn v. Joseph E. Seagram Sons, Inc. (C.A. 2, 1951),186 F.2d 616; Russell v. Cunningham (C.A. 9, 1960), 279 F.2d 797; 7 Moore's Federal Practice (2d Ed.), 430, Section 60.30(3); McCormac, Ohio Civil Rules Practice (1980 Supp.), 101, Section 13-27.
 {¶ 9} Civ. R. 55(B) provides that a court may set aside a default judgment in accordance with Civ. R. 60(B). "Where timely relief is sought from a default judgment and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the judgment so that cases may be decided on their merits." GTE AutomaticElec, Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, at paragraph three of the syllabus.
 {¶ 10} "`A claim under Civ. R. 60(B) requires the court to carefully consider the two conflicting principles of finality and perfection.'"Cuyahoga Support Enforcement Agency v. Guthrie (1999),84 Ohio St.3d 437, 441, quoting Strack v. Pelton (1994), 70 Ohio St.3d 172, 175. "A motion for relief from judgment under Civ. R. 60(B) is addressed to the sound discretion of the trial court, and that court's ruling will not be disturbed on appeal absent a showing of abuse of discretion."Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77.
 {¶ 11} "`"The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."' "State v. Smith, Franklin App. No. 03AP-1157, 2004-Ohio-4786, at ¶ 10, quoting *Page 4 Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, quoting State v.Adams (1980), 62 Ohio St.2d 151, 157. An unreasonable decision is one that is unsupported by a sound reasoning process. AAAA Enterprises, Inc.v. River Place Community Urban Redevelopment Corp. (1990),50 Ohio St.3d 157, 161; see, also, Dayton ex rel. Scandrick v. McGee (1981),67 Ohio St.2d 356, 359, citing Black's Law Dictionary (5 Ed.) (observing that "' [unreasonable' means `irrational'"); State v. Congrove, Franklin App. No. 06AP-1129, 2007-Ohio-3323, at ¶ 9. An arbitrary attitude, on the other hand, is an attitude that is" `without adequate determining principle * * * not governed by any fixed rules or standard.'"Scandrick, at 359, quoting Black's Law Dictionary (5 Ed.); see, also,Congrove, at ¶ 9. "Unconscionable" may be defined as "affronting the sense of justice, decency, or reasonableness." Black's Law Dictionary (8 Ed. 2004) 1561.
 {¶ 12} In Huffman v. Hair Surgeon, Inc. (1985), 19 Ohio St.3d 83, the Supreme Court of Ohio further explained:
 "`[A]n abuse of discretion involves far more than a difference in * * * opinion * * * The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations. In order to have an `abuse' in reaching such determination, the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias. * * *'"
Id. at 87, quoting State v. Jenkins (1984), 15 Ohio St.3d 164, 222, certiorari denied (1985), 472 U.S. 1032, 105 S.Ct. 3514, rehearing denied (1985), 473 U.S. 927, 106 S.Ct. 19.
 {¶ 13} When applying an abuse-of-discretion standard, an appellate court may not substitute its judgment for that of the trial court.Berk v. Matthews (1990), *Page 5 53 Ohio St.3d 161, 169; Stockdale v. Baba, 153 Ohio App.3d 712, 2003-Ohio-4366, at ¶ 54, citing Berk, at 169; Congrove, at ¶ 9.
 {¶ 14} "A person filing a motion for relief from judgment under Civil Rule 60(B) is not automatically entitled to such relief nor to a hearing on the motion. The movant has the burden of proving that he is entitled to the relief requested or to a hearing on the motion." Adomeit v.Baltimore (1974), 39 Ohio App.2d 97,103.
 {¶ 15} Civ. R. 60(B) provides:
 On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation. * * *
 {¶ 16} "[T]o prevail on a Civ. R. 60(B) motion for relief from judgment, the movant must establish that `(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ. R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.'" State ex rel. Richard v. Seidner (1996),76 Ohio St.3d 149, 151, quoting GTE Automatic Elec., Inc., at paragraph two of *Page 6 
the syllabus. See, also, Caruso-Ciresi, Inc. v. Lohman (1983),5 Ohio St.3d 64, 66, quoting GTE Automatic Elec, Inc., at 151 (stating that the three requirements in paragraph two of the syllabus in GTEAutomatic "`are independent and in the conjunctive not the disjunctive'"). Relief under Civ. R. 60(B) "is improper if any one of the foregoing requirements is not satisfied." Richard, at 151, citingStrack, at 174. See, also, In re McLoughlin v. McLoughlin, Franklin App. No. 05AP-621, 2006-Ohio-1530, at ¶ 23, appeal not allowed,110 Ohio St.3d 1465, 2006-Ohio-4288.
 {¶ 17} Here, defendant claims it demonstrated "excusable neglect" under Civ. R. 60(B)(1) to justify relief from judgment and further asserts that the municipal court abused its discretion by denying defendant's Civ. R. 60(B) motion. We disagree.
 {¶ 18} "Excusable neglect" may be defined as: "A failure — which the law will excuse — to take some proper step at the proper time (esp. in neglecting to answer a lawsuit) not because of the party's own carelessness, inattention, or willful disregard of the court's process, but because of some unexpected or unavoidable hindrance or accident or because of reliance on the care and vigilance of the party's counsel or on a promise made by the adverse party." Black's Law Dictionary (8 Ed.Rev. 2004) 1061. But, see, GTE Automatic Elec, Inc., at paragraph four of the syllabus, following Link v. Wabash R.R. Co. (1962),370 U.S. 626, 82 S.Ct. 1386, rehearing denied, 371 U.S. 873, 83 S.Ct. 115
(holding that "[a]s a general rule, the neglect of a party's attorney will be imputed to the party for the purposes of Civ. R. 60(B)(1)").
 {¶ 19} In Kay v. Marc Glassman, Inc. (1996), 76 Ohio St.3d 18, 20, the Supreme Court of Ohio stated that "[t]he term `excusable neglect' is an elusive concept which has been difficult to define and to apply." Id. at 20. In Kay, the Supreme Court further *Page 7 
observed that "we have previously defined `excusable neglect' in the negative and have stated that the inaction of a defendant is not `excusable neglect' if it can be labeled as a `complete disregard for the judicial system.'" Id. at 20, citing GTE Automatic Elec, Inc., at 153; Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 21, at fn. 4. See, also, Newman v. Farmacy Natural Specialty Foods,168 Ohio App.3d 630, 2006-Ohio-4633, at ¶ 23.
 {¶ 20} "[T]he concept of `excusable neglect' must be construed in keeping with the proposition that Civ. R. 60(B)(1) is a remedial rule to be liberally construed, while bearing in mind that Civ. R. 60(B) constitutes an attempt to `strike a proper balance between the conflicting principles that litigation must be brought to an end and justice should be done.'" Colley, at 248, citing Doddrige v.Fitzpatrick (1978), 53 Ohio St.2d 9, 12, quoting 11 Wright Miller, Federal Practice Procedure 140, Section 2851; see, also, Kay, at 20, citing Colley, at 249.
 {¶ 21} "The determination of whether excusable neglect occurred must, of necessity, take into consideration all the surrounding facts and circumstances." Newman, at ¶ 22, citing Rose Chevrolet, Inc., at 21, citing Colley, at 249. "`The standard for differentiating between excusable neglect and inexcusable neglect is whether [the] movant acted with "complete disregard for the judicial system and the rights of the appellee. State v. Yount, Ohio App.3d, 2008-Ohio-1155, at ¶ 11, quotingWilliamson v. Saranda Consol. Ltd. Partnership (Dec. 14, 1989), Montgomery App. No. 11507. (Citations omitted.) See, also, Vanest v.Pillsbury Co. (1997), 124 Ohio App.3d 525, 536-537, appeal not allowed (1998), 81 Ohio St.3d 1515 (discussing concept of "excusable neglect" under Civ. R. 60[B]). *Page 8 
 {¶ 22} Although a determination of whether excusable neglect occurred must take into consideration all surrounding facts and circumstances,Newman, at ¶ 22; Yount, at ¶ 11, citing Williamson, supra, "[e]xcusable neglect is not present if the party seeking relief could have prevented the circumstances from occurring." Stuller v. Price, Franklin App. No. 02AP-29, 2003-Ohio-583, at ¶ 52, citing McKinley v. Rhee (Apr. 17, 2002), Allen App. No. 1-01-168, appeal not allowed, 96 Ohio St.3d 1494,2002-Ohio-4534, citing Vanest, supra.
 {¶ 23} Here, at the Civ. R. 60(B) hearing, on direct examination, Mr. Brundige testified that he is the president and CEO of Frutta Del Mondo, Ltd., an S-corporation. (Tr. 4-5.) According to Mr. Brundige, plaintiff was retained to perform legal services for Frutta Del Mondo. Id. at 5-6. And, according to Mr. Brundige, while plaintiff's agent or agents performed legal services for defendant, plaintiff's agent or agents made an error in drafting documents, which negatively impacted defendant's business. Id. at 6.
 {¶ 24} At the hearing, Mr. Brundige testified that he is not an attorney and he did not possess any legal training. Id. at 7. When asked whether he understood that he could not represent a corporation, Mr. Brundige testified: "No, I didn't. When I got the paperwork that was sent to me to file a complaint, I thought it was for the officer of the company. It wasn't only until I found out that there had been a judgment, that that had been stricken from the court, what we had sent in as a rebuttal to the claim, that I did seek to get Jay Perez [an attorney] in it, because apparently I can't represent my company." Id. Mr. Brundige later clarified that he hired legal counsel after a default judgment was issued. Id. at 8. According to Mr. Brundige, shortly after he retained legal counsel on defendant's behalf, counsel moved to set aside the court's default judgment. Id. at 9. *Page 9 
 {¶ 25} Mr. Brundige also testified that, prior to defendant's hiring of plaintiff, he had hired an attorney on one occasion to represent defendant in an embezzlement action, which he clarified on re-direct examination, was a lawsuit to collect monies that had been embezzled. Id. at 6, 18.
 {¶ 26} On cross-examination, upon questioning by plaintiff's counsel, Mr. Brundige clarified that in the past eight years he had hired three attorneys for matters involving his personal affairs and company affairs. Id. at 10. On cross-examination, Mr. Brundige admitted that he had received a copy of the complaint and plaintiff's motion to strike defendant's answer. Id. at 10-11. Mr. Brundige also admitted to sending a letter relating to the parties' fee dispute, which was dated March 22, 2007, to plaintiff's counsel and indicating that a copy of this letter would be forwarded to Mr. Perez, his attorney. Id. at 16.
 {¶ 27} Mr. Brundige also admitted that in this letter he asserted that he would file a countersuit for legal malpractice. Id. at 15. Upon questioning by plaintiff's counsel, Mr. Brundige admitted that he had enough legal understanding to understand what malpractice was; he had enough legal understanding to understand what a countersuit was; and he had enough legal understanding to know that he could file a complaint against plaintiff for alleged disciplinary violations. Id. at 15-16. On re-direct examination, plaintiff later testified that he received his legal training by watching legal shows on television. Id. at 18.
 {¶ 28} At the close of the hearing, denying defendant's Civ. R. 60(B) motion, the municipal court stated:
 Having heard the arguments and considering the evidence, it appears to the Court that Mr. Brundige did not take *Page 10 
reasonable steps that one would have taken in his position to properly address this matter. We have the motion to set aside the default judgment, and I think plaintiff filed a response, and I note in plaintiff's response that it was correctly stated that in defendant's motion to set aside the judgment, there was no defense offered, which I think is also required as one of the prongs under 60(B) for relief.
 It appears to the Court that Mr. Brundige did not act as a reasonable person should have under the circumstances. I'm going to overrule the motion because it's just not there. And the judgment for the plaintiff will stand. * * *
Id. at 21-22.
 {¶ 29} After reviewing the evidence, we cannot conclude that the municipal court erred by finding a lack of excusable neglect, or that the municipal court acted unreasonably, arbitrarily, or unconscionably by denying defendant's Civ. R. 60(B) motion.
 {¶ 30} First, Mr. Brundige's mistaken belief that, as an officer of Frutta Del Mondo, he could file a responsive pleading on the corporation's behalf does not constitute "excusable neglect." See, generally, Cleveland Bar Assn. v. CompManagement, Inc.,111 Ohio St.3d 444, 2006-Ohio-6108, at ¶ 22, citing Union Sav. Assn. v. Home OwnersAid, Inc. (1970), 23 Ohio St.2d 60, 64; Cleveland Bar Assn. v.Woodman, 98 Ohio St.3d 436, 2003-Ohio-1634 (stating that "[i]n regard to corporations, a layperson generally may not represent the corporation or take any legal action on behalf of the corporation before a court or administrative agency");[1] Smith v. Mighty Distributing of S.W., PA,Inc., Trumbull App. No. 2004-T-0056, 2005-Ohio-1689, at ¶ 10, appeal not allowed, 106 Ohio St.3d 1509, 2005-Ohio-4605 (observing that "any filing by a non-attorney on a corporation's behalf is a nullity and may be stricken from the record"). (Citations omitted.) See, *Page 11 
also, Continental Polymer Corp. v. DuBunne French Nail Products,Inc. (June 5, 1987), Lucas App. No. L-87-002 (disagreeing with the proposition that failure to submit a proper responsive pleading can be characterized as excusable neglect); Natl. City Bank v. Poling, Franklin App. No. 04AP-711, 2005-Ohio-585, at ¶ 13, citing Zuk v. Campbell (Dec. 30, 1994), Clermont App. No. CA94-03-018 (stating in part that "[i]gnorance of the law is not a valid justification for failure to defend an action").
 {¶ 31} Second, defendant, through its CEO and president, had knowledge of the suit against it, as well as knowledge of plaintiff's motion to strike defendant's purported answer. After plaintiff's motion to strike defendant's purported answer was granted by the trial court, approximately 43 days elapsed before plaintiff moved for a default judgment. During this time, defendant, through Mr. Brundige, failed to retain legal counsel to defend against plaintiff's suit, although, as demonstrated in his testimony, Mr. Brundige had retained legal counsel in the past, and he had some familiarity with the law, as demonstrated by references to legal malpractice, countersuit, and legal disciplinary authorities in a March 2007 letter to plaintiff's counsel. Moreover, Mr. Brundige's testimony that he failed to understand the scope or impact of plaintiff's motion to strike defendant's pleading is unavailing to support defendant's claim of excusable neglect. (Tr. 13-14.) SeeNatl. City Bank, at ¶ 13 (observing that non-attention to a legal matter due to a failure to understand its scope is no excuse).
 {¶ 32} Third, Mr. Brundige's implied suggestion that he lacked sophistication, thereby excusing defendant's failure to defend the action against it, is belied by his testimony that he has had a business for 11 years, id. at 15, and his admission that he had retained plaintiff to prepare paperwork for a public offering of his company. Id. at 18. *Page 12 
 {¶ 33} In summary, for the reasons set forth above, we cannot conclude that the municipal court erred by finding that "Mr. Brundige did not take reasonable steps that one would have taken in his position to properly address this matter." Id. at 21. Even recognizing that the concept of excusable neglect must be construed in concert with the proposition that Civ. R. 60(B)(1) is a remedial rule to be liberally construed, Colley, at 248, we also cannot conclude that the municipal court erred by concluding that defendant failed to demonstrate excusable neglect in support of its Civ. R. 60(B) motion as defendant, through its CEO and president, could have prevented the circumstances that led to the municipal court's rendering of a default judgment against defendant. See Stuller, at ¶ 52 (stating that "[e]xcusable neglect is not present if the party seeking relief could have prevented the circumstances from occurring"). And, finding that the municipal court did not err by concluding that defendant failed to demonstrate excusable neglect in support of its Civ. R. 60(B) motion, we also cannot conclude that the municipal court acted unreasonably, arbitrarily, or unconscionably by denying defendant's Civ. R. 60(B) motion.
 {¶ 34} Accordingly, we overrule defendant's sole assignment of error and affirm the judgment of the Franklin County Municipal Court.
Judgment affirmed.
SADLER and TYACK, JJ., concur.
[1] But, see, CompManagement, Inc., at ¶ 23 (describing circumstances where limited lay representation within courts and administrative agencies has been permitted). *Page 1