[Cite as *PHH Mtge. Corp. v. Northrup*, 2011-Ohio-6814.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
PICKAWAY COUNTY


PHH MORTGAGE CORPORATION,          :

    Plaintiff-Appellee,          :          Case No.   11CA6

    vs.          :

GARY NORTHUP, et al.,          :          DECISION AND JUDGMENT ENTRY


    Defendant-Appellants.          :

_____

APPEARANCES:

COUNSEL FOR APPELLANTS:          Brian K. Duncan and Bryan D. Thomas, 155 East Broad
    Street, Suite 2200, Columbus, Ohio 43215

COUNSEL FOR APPELLEE:          David M. Gauntner, 1500 West 3rd Street, Suite 400,
    Cleveland, Ohio 44113

CIVIL CASE FROM COMMON PLEAS COURT
DATE JOURNALIZED: 12-27-11

ABELE, J.

{¶ 1}   This is an appeal from a Pickaway County Common Pleas Court judgment that denied

a motion for relief from judgment filed by Gary Northup, defendant below and appellant herein.

{¶ 2}   Appellant assigns the following errors for review:

FIRST ASSIGNMENT OF ERROR:

"THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING
TO VACATE ITS JULY 22, 2010 AND/OR DECEMBER 27, 2010
JUDGMENT ENTRIES AS DEFENDANT/APPELLANT MADE
THE REQUISITE SHOWING UNDER CIV.R. 60(B) IN HIS
MOTION TO VACATE."

SECOND ASSIGNMENT OF ERROR:

"THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING DEFENDANT/APPELLANT'S REQUEST FOR AN ORAL HEARING ON HIS MOTION TO VACATE, DESPITE THE FACT THAT THERE WERE ALLEGATIONS OF OPERATIVE FACTS WHICH WOULD WARRANT RELIEF UNDER CIVIL RULE 60(B)."

**{¶ 3}** On October 3, 2008, PHH Mortgage Corporation, plaintiff below and appellee herein, filed a foreclosure complaint against appellant, Jane Doe (appellant's unknown spouse), and the Pickaway County Treasurer. Appellee subsequently added two other defendants, who are not part of this appeal.

**{¶ 4}** On February 22, 2010, appellee filed a summary judgment motion and a default judgment motion. Appellee asserted that no genuine issues of material fact remain as to whether appellant has defaulted on his mortgage obligation and that it is entitled to judgment as a matter of law. Appellee further contended that Jane Doe and another defendant were in default for failure to answer and that it is entitled to a default judgment against those two parties.

**{¶ 5}** On February 22, 2010, the trial court granted appellee summary judgment and entered a default judgment against the two defendants who had failed to answer.

**{¶ 6}** On March 31, 2010, the trial court vacated its February 22, 2010 summary judgment. The court observed that it had failed to allow appellant time to respond to appellee's summary judgment motion. The court thus vacated its summary judgment and allowed appellant fourteen days from March 31, 2010 to respond. Appellant, however, never filed any memorandum in opposition to appellee's summary judgment motion.

**{¶ 7}** On July 22, 2010, the trial court entered summary judgment in appellee's favor.

On December 27, 2010, the court entered an amended summary judgment. On March 21, 2011, appellee filed a notice that a sheriff's sale would occur on March 29, 2011.

{¶ 8}   On March 28, 2011, appellant filed a "combined motion to vacate this court's July 22, 2010 and/or December 27, 2010 judgment entries and/or any and all entries granting summary judgment or default judgment to plaintiff against defendant Gary Northup; motion for stay of execution of sheriff's sale scheduled for March 29, 2011; and motion for leave to respond to plaintiff's motion for summary judgment and/or for leave to file amended answer." Appellant alleged that his failure to respond to the summary judgment motion resulted from inadvertence or excusable neglect under Civ.R. 60(B)(1). Appellant explained that he thought his former counsel had been negotiating with appellee to modify the loan. He thought "he had been engaging in a loan modification program and that the instant matter had been stayed, which he never received notice of said reinstatement." Appellant further alleged that his former counsel did not raise proper claims, defenses and counterclaims in the original answer and that his former counsel failed to respond to appellee's summary judgment motion. Appellant additionally argued that the interests of justice required the court to grant him relief under Civ.R. 60(B)(5).

{¶ 9}   On March 29, 2011, the trial court overruled appellant's motion. The court observed that appellant "had ample time to dispute or appeal" any of its rulings. The court found that appellant's primary purpose in filing the motion, one day before the sheriff's sale, was to delay the sale. This appeal followed.

I

{¶ 10}  In his first assignment of error, appellant asserts that the trial court erred by overruling his Civ.R. 60(B) motion for relief from judgment. We disagree.

{¶ 11} Our standard of review regarding a trial court's Civ.R. 60(B) decision is well-settled:

> "Absent an abuse of discretion, we will not disturb a trial court's decision to grant or deny a Civ.R. 60(B) motion. Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77, 514 N.E.2d 1122. The term 'abuse of discretion' implies that the court's attitude is unreasonable, unconscionable, or arbitrary. State v. Adams (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 404 N.E.2d 144. When applying the abuse-of-discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court. In re Jane Doe 1 (1991), 57 Ohio St.3d 135, 138, 566 N.E.2d 1181."

Dye v. Smith, 189 Ohio App.3d 116, 2010-Ohio-3539, 937 N.E.2d 628, ¶12.

{¶ 12} Civ.R. 60(B) provides:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment.

{¶ 13} To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that:

> "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken."

GTE Automatic Elec., Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. A failure to establish any one of the foregoing circumstances is ordinarily fatal to the Civ.R. 60(B) motion. See Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 20, 520

N.E.2d 564 (stating that the trial court should overrule a Civ.R. 60(B) motion if the movant fails to meet any one of the foregoing three requirements); <u>GTE</u>, 47 Ohio St.2d at 151 (stating that the three requirements are "conjunctive").

{¶ 14} In the case sub judice, appellant claims that either Civ.R. 60(B)(1) or (5) entitles him to relief from the trial court's summary judgment. Civ.R. 60(B)(1) allows a court to relieve a party from a final judgment due to the party's "* * * inadvertence * * * or excusable neglect."

{¶ 15} Inadvertence is "[a]n accidental oversight; a result of carelessness." <u>Guider v. Am. Heritage Homes Corp.</u>, Logan App. No. 8–07–16, 2008-Ohio-2402, ¶7, quoting Black's Law Dictionary (7th Ed.Rev.1999) 762.

{¶ 16} When a court evaluates whether a movant has demonstrated excusable neglect, the court "must of necessity take into consideration all the surrounding facts and circumstances." <u>Colley v. Bazell</u> (1980), 64 Ohio St.2d 243, 249, 416 N.E.2d 605. In <u>Vanest v. Pillsbury Co.</u> (1997), 124 Ohio App.3d 525, 706 N.E.2d 825, we discussed the term "excusable neglect":

> "Although '[t]he term "excusable neglect" is an elusive concept' that courts often find difficult to define and to apply, <u>Kay v. Marc Glassman, Inc.</u> (1996), 76 Ohio St.3d 18, 20, 665 N.E.2d 1102, the cases discussing excusable neglect reveal some general principles. First, many cases characterize the type of conduct that does not constitute excusable neglect. Inaction of a party that can be labeled as a 'complete disregard for the judicial system' constitutes inexcusable neglect. <u>GTE Automatic Elec., Inc. v. ARC Industries, Inc.</u> (1976), 47 Ohio St.2d 146, 153, 1 O.O.3d 86, 90, 351 N.E.2d 113. Additionally, attorney conduct falling 'substantially below what is reasonable under the circumstances' constitutes inexcusable neglect. Id. at 152, 351 N.E.2d 113. Second, a majority of the cases finding excusable neglect also have found unusual or special circumstances that justified the neglect of the party or attorney. Other cases, however, despite the presence of special or unusual circumstances, declined to find excusable neglect. The cases generally suggest that if the party or his attorney could have controlled or guarded against the happening of the special or unusual circumstance, the neglect is not excusable. Third, excusable neglect may exist when a party has neither knowledge nor actual notice of the lawsuit. Finally, the demands of being a busy

lawyer or of being preoccupied with other litigation generally do not constitute excusable neglect."

Id. at 536-537 (footnotes omitted).   We note that in general, a party's failure to "to plead or respond after admittedly receiving a copy of a court document is not 'excusable neglect.'"   Natl. City Home Loans Serv., Inc. v. Gillette, Scioto App. No. 05CA3027, 2006-Ohio-2881, ¶18, citing Katko v. Modic (1993), 85 Ohio App.3d 834, 838, 621 N.E.2d 809, and Andrew Bihl Sons, Inc. v. Trembly (1990), 67 Ohio App.3d 664, 667, 588 N.E.2d 172.

{¶ 17}   In Vanest, we further noted the distinction between "excusable neglect" and mere "neglect," as Black's Law Dictionary defines the terms.   "'[E]xcusable neglect' [means] * * * 'a failure to take the proper steps at the proper time, not in consequence of the party's own carelessness, inattention, or willful disregard of the process of the court, but in consequence of some unexpected or unavoidable hindrance or accident, or reliance on the care and vigilance of his counsel or on promises made by the adverse party.'"   Id. at 537, fn.8, quoting Black's Law Dictionary (6 Ed.1990) 566.   In contrast, mere "neglect" means "'to omit, fail, or forbear to do a thing that can be done, or that is required to be done, but it may also import an absence of care or attention in the doing or omission of a given act.   And it may mean a designed refusal, indifference, or unwillingness to perform one's duty.'"   Id., at 1032, fn. 13.

{¶ 18}   Courts ordinarily impute the neglect of a party's attorney to that party when determining whether the facts demonstrate excusable neglect.   GTE, paragraph four of the syllabus; Newell v. White, Pickaway App. No. 05CA27, 2006-Ohio-637, ¶12; Williams v. Roe (Feb. 2, 1996), Scioto App. No. 95CA2373.   Thus, ordinarily, a party cannot establish excusable neglect simply by casting blame upon the party's attorney.   But, see, Whitt v. Bennett (1992), 82

Ohio App.3d 792, 613 N.E.2d 667 ("[F]ault should not automatically be imputed when an attorney

has grossly neglected a diligent client's case and misleads the client to believe that his interests are

being properly handled.").   It is only when that neglect rises to the level of excusable neglect that

Civ.R. 60(B)(1) relief may be had.   See Moore v. Emmanuel Family Training Ctr. (1985), 18 Ohio

St.3d 64, 68, 479 N.E.2d 879.

{¶ 19}  The Ohio Supreme Court has recognized the perceived injustice that results to the

client as a result of the imputed neglect rule, but has further explained that the client voluntarily

chose the attorney and, thus, must live with the consequences of that chosen representation.   See

GTE, supra.   The court explained:

> "There is certainly no merit to the contention that dismissal of petitioner's
> claim because of his counsel's unexcused conduct imposes an unjust penalty on the
> client.   Petitioner voluntarily chose this attorney as his representative in the action,
> and he cannot now avoid the consequences of the acts or omissions of this freely
> selected agent.   Any other notion would be wholly inconsistent with our system of
> representative litigation, in which each party is deemed bound by the acts of his
> lawyer agent and is considered to have 'notice of all facts, notice of which can be
> charged upon the attorney.' [Smith v. Ayer (1879), 101 U.S. 320, 25 L.Ed.2d 955.]
> * * * *
>
> * * * Surely if a criminal defendant may be convicted because he did not
> have the presence of mind to repudiate his attorney's conduct in the course of a trial,
> a civil (defendant) may be deprived of his (defense) if he failed to see to it that his
> lawyer acted with dispatch in the prosecution of his lawsuit.   And if an attorney's
> conduct falls substantially below what is reasonable under the circumstances, the
> client's remedy is against the attorney in a suit for malpractice.   But keeping this
> suit alive merely because * * * (defendant) should not be penalized for the
> omissions of his own attorney would be visiting the sins of * * * (defendant's)
> lawyer upon the * * * (plaintiff)."

GTE, 47 Ohio St.2d at 152, quoting Link v. Wabash R. R. Co. (1962), 370 U.S. 626, 633-34, 82

S.Ct. 1386, 8 L.Ed.2d 734 and fn.10 (citations omitted).

{¶ 20}  In the case sub judice, we do not believe that the trial court abused its discretion by

determining that appellant failed to establish entitlement to relief under Civ.R. 60(B)(1). The facts and circumstances present in this case do not demonstrate excusable neglect or inadvertence. Instead, appellant's attorney's failure to respond to appellee's summary judgment, which is imputed to appellant, demonstrates mere neglect. The trial court afforded appellant ample time to respond to appellee's summary judgment motion. After the court vacated its initial order, nearly four months elapsed before the court entered another summary judgment. During that time, the record contains no evidence that appellant made any filings or responded to appellee's summary judgment motion. Approximately five months elapsed before the court issued an amended final judgment entry. Again, during that time, appellant submitted no filings. Another three months elapsed before appellee filed a notice of sheriff's sale. Only at that point did appellant submit a filing–his Civ.R. 60(B) motion, which he did not file until the day before the sale. In view of the amount of time that elapsed between the court's summary judgment rulings and the timing of appellant's Civ.R. 60(B) motion, the court was well within its discretion to determine that the purpose of appellant's Civ.R. 60(B) motion was for delay. Moreover, allowing appellant to escape the final judgment due to the alleged neglect of his attorney would be visiting the sins of appellant's attorney upon the appellee.

{¶ 21} Additionally, we find the following statement relevant to the situation in the case at bar:

> "If we were to hold that a party who neglects to respond to a motion for summary judgment is entitled to relief when he files a Civ.R. 60(B) motion, supported by affidavits which should have been filed in opposition to the motion for summary judgment, we would be disemboweling the whole summary judgment procedure. No party would be required to file counter-affidavits under Civ.R. 56 if he could later obtain relief under Civ.R. 60(B) from his omission. Indeed, were a party interested in delaying the final outcome of a case, he would invariably resort

to such a tactic."

Pittsburgh Press Co. v. Cabinetpak Kitchens of Columbus, Inc. (1984), 16 Ohio App.3d 167, 168;

see, also, Sand v. Marbex, Inc. (Dec. 1, 1987), Scioto App. No. 1658.   In the present case,

appellant states that he has defenses to present in opposition to appellee's summary judgment

motion.   He, however, should have raised those defenses in a timely response to appellee's

summary judgment motion–not in a Civ.R. 60(B) motion brought approximately eight months after

the court first entered summary judgment and on the day before the schedule sheriff's sale.   The

totality of appellant's conduct demonstrates a tactic to delay the final outcome of the case, i.e., the

sheriff's sale.

{¶ 22} Appellant nonetheless argues that he was unaware of the status of the case and of

his counsel's failure to respond to appellee's summary judgment motion.   A party involved in

litigation cannot simply sit back and claim ignorance of the proceedings.   Instead, a party to an

action must keep himself informed of the status of the case.   See State Farm Mut. Auto. Ins. Co. v.

Peller (1989), 63 Ohio App.3d 357, 361, 578 N.E.2d 874 (stating that a party to an action has the

duty to stay apprised of the progress of the case); Metcalf v. Ohio State Univ. Hosp. (1981), 2 Ohio

App.3d 166, 441 N.E.2d 299; see, also, Whitman v. Whitman, Hancock App. No. 5-05-36,

2007-Ohio-4231, ¶24 (stating that "[t]he parties to an action have a duty to remain informed about

the progress of their case"); In re Adoption of J.H., Lorain App. No. 06CA008902,

2006-Ohio-5957, ¶8 (noting that it is "well established that the parties to the case have a duty to

keep apprised of the progress of the case on the docket"); MBA Realty v. Little G, Inc. (1996), 116

Ohio App.3d 334, 338, 688 N.E.2d 39 (stating that the parties to an action bear the burden of

following the progress of their case); P. Maynard v. C. Maynard (Feb. 11, 1982), Cuyahoga App.

No. 43642, (stating that appellant "was duty bound to keep abreast of the docket entries").   Thus, although appellant claims that he was unaware of the status of his case or of his attorney's failure to respond to appellee's summary judgment motion, he also had a duty to keep himself informed of the status of the case.   His ignorance of the status of the case does not demonstrate excusable neglect.

{¶ 23}  Finally, we recognize that "courts should strive to decide cases upon their merits rather than upon procedural grounds."   Newman v. Farmacy Natural & Specialty Foods, 168 Ohio App.3d 630, 2006-Ohio-4633, 861 N.E.2d 559, ¶22.   This "principle[, however,] must be balanced against the competing principle that litigation must be brought to an end."   Id., citing Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 21, 520 N.E.2d 564.   In the case sub judice, the interest in finality is most manifest.   Appellant had more than ample time to argue the merits of the case.   Appellee obtained a final judgment and sought to execute that judgment through the sheriff's sale.   Only when faced with the reality of the sheriff's sale did appellant take action.   Appellant, however, had prior opportunities to challenge the judgment.   Having failed to do so, he cannot now avail himself of the relief that Civ.R. 60(B) provides.

{¶ 24}  Appellant further argues that Civ.R. 60(B)(5) entitles him to relief from the court's summary judgment.   Civ.R. 60(B)(5) reflects "the inherent power of a court to relieve a person from the unjust operation of a judgment."   State ex rel. Gyurcsik v. Angelotta (1977), 50 Ohio St.2d 345, 346, 364 N.E.2d 284.   "The grounds for invoking Civ.R. 60(B)(5) should be substantial."   Caruso–Ciresi, Inc. v. Lohman (1983), 5 Ohio St.3d 64, 448 N.E.2d 1365, paragraph two of the syllabus.

{¶ 25}  In the case at bar, the trial court did not abuse its discretion by determining that

appellant was not entitled to relief under Civ.R. 60(B)(5). The operation of the judgment would not be unjust to appellant. To the contrary, undoing the operation of the judgment would be unjust to appellee. There is nothing inherently unjust about the trial court's judgment. The court afforded appellant ample procedural protections. Appellant's failure to take advantage of those protections does not render the court's judgment unjust.

{¶ 26} Accordingly, based upon the foregoing reasons, we hereby overrule appellant's first assignment of error.

II

{¶ 27} In his second assignment of error, appellant contends that the trial court abused its discretion by failing to hold a hearing regarding his Civ.R. 60(B) motion.

{¶ 28} A party who files a Civ.R. 60(B) motion for relief from judgment is not automatically entitled to a hearing on the motion. Instead, the movant bears the burden to demonstrate that he or she is entitled to a hearing on the motion. To warrant a hearing on a Civ.R. 60(B) motion, the movant must allege operative facts that would warrant relief under Civ.R. 60(B). Kay v. Marc Glassman, Inc. (1996), 76 Ohio St.3d 18, 19, 665 N.E.2d 1102. Although a movant is not required to submit evidentiary material in support of the motion, a movant must do more than make bare allegations of entitlement to relief. French v. Taylor (Jan. 2, 2002), Lawrence App. No. 01 CA15; see, also, Your Financial Community of Ohio, Inc. v. Emerick (1997), 123 Ohio App.3d 601, 607, 704 N.E.2d 1265. In the case at bar, as we discussed under appellant's first assignment of error, appellant failed to allege operative facts that would entitle him to relief under Civ.R. 60(B). Consequently, the trial court was not required to hold a hearing.

{¶ 29} Accordingly, based upon the foregoing reasons, we hereby overrule appellant's

second assignment of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

### JUDGMENT ENTRY

It is ordered that the judgment be affirmed and that appellee recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Pickaway County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Kline, J. & McFarland, J.: Concur in Judgment & Opinion

For the Court

BY:_____
Peter B. Abele, Judge

### NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.