[Cite as *State v. Kerns*, 2011-Ohio-6788.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | | C.A. No. 11CA0051-M |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| DAVID A. KERNS, II | | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | | CASE No. 08 CR 0490 |

DECISION AND JOURNAL ENTRY

Dated: December 30, 2011

DICKINSON, J.

INTRODUCTION

{¶1} David A. Kerns II, a "sexually oriented offender," moved to Medina County without notifying the Sheriff. He was indicted for and pleaded no contest to violating Ohio's Sex Offender Registration and Notification statutes, and the Medina County Common Pleas Court sentenced him to three years in prison. In imposing sentence, the trial court made a mistake regarding post-release control. Mr. Kerns did not appeal from his conviction and sentence, but eventually moved the trial court "to correct void sentence" and to allow him to withdraw his no-contest plea. He argued that his sentence was void because of the post-release-control mistake and that he should be allowed to withdraw his plea because the Ohio Supreme Court, in *State v. Bodyke*, 126 Ohio St. 3d 266, 2010-Ohio-2424, declared the reclassification procedure codified in the Adam Walsh Act unconstitutional. The trial court denied Mr. Kerns's request to withdraw his plea and resentenced him in order to correctly impose post-release control. Mr. Kerns has now appealed, arguing that the trial court should have allowed him to

withdraw his plea and should have vacated his conviction because the process by which he was reclassified under the Adam Walsh Act was unconstitutional. We dismiss that part of Mr. Kerns's attempted appeal by which he challenges the trial court's refusal to allow him to withdraw his plea because he did not timely appeal the order by which the trial court did so. We affirm the trial court's refusal to vacate his conviction because Mr. Kerns's argument in that regard is barred by res judicata.

## BACKGROUND

{¶2} In 1998, Mr. Kerns pleaded guilty in the Lorain County Common Pleas Court to one count of rape and two counts of compelling prostitution. The judge who took his plea classified him as a sexually oriented offender under the then current version of Chapter 2950 of the Ohio Revised Code, which was known as Megan's Law. In 2007, the Ohio General Assembly amended Chapter 2950, repealing Megan's Law and adopting Ohio's version of the Adam Walsh Act. Under Ohio's Adam Walsh Act, offenders are classified as Tier I, Tier II, or Tier III sex offenders, depending on the offense they have been convicted of committing. R.C. 2950.01. The Adam Walsh Act required the Ohio Attorney General to reclassify offenders who had previously been classified under Megan's Law to one of the new Adam Walsh Act classifications. R.C. 2950.03.1. The Attorney General reclassified Mr. Kerns as a Tier III sex offender.

{¶3} In 2008, the Medina County Grand Jury indicted Mr. Kerns for violating Section 2950.05(B) and 2950.99(A)(1)(a)(ii) of the Ohio Revised Code. According to the indictment, Mr. Kerns was a "sexually oriented offender" who "unlawfully and knowingly did fail to notify the Sheriff . . . of his new address, of a change in his address, [within] twenty days prior to his changing his address." Mr. Kerns eventually pleaded no contest to the charge of failing to notify

the Sheriff and, on March 25, 2010, the Medina County Common Pleas Court sentenced him to three years in prison. It mistakenly told him that he was subject to mandatory post-release control "up to a maximum of 5 years."

{¶4} In November 2010, Mr. Kerns moved the trial court "to correct void sentence" and to allow him to withdraw his plea. He argued, based on *State v. Boswell*, 121 Ohio St. 3d 575, 2009-Ohio-1577, that his sentence was void and his motion for leave to withdraw his plea was a presentence motion under Rule 32.1 of the Ohio Rules of Criminal Procedure. He further argued that his motion for leave to withdraw should be granted based on the Ohio Supreme Court's determination in *State v. Bodyke*, 126 Ohio St. 3d 266, 2010-Ohio-2424, that the General Assembly's direction to the Attorney General to reclassify offenders originally classified under Megan's Law to one of the Adam Walsh Act tiers was unconstitutional.

{¶5} The trial court denied Mr. Kerns's motion for leave to withdraw his plea on March 17, 2011. By that time, the Ohio Supreme Court had decided *State v. Singleton*, 124 Ohio St. 3d 173, 2009-Ohio-6434, in which it held that, for sentences imposed after the effective date of Section 2929.19.1 of the Ohio Revised Code, July 11, 2006, trial courts were authorized to hold a hearing limited to correcting mistakes in the imposition of post-release control, leaving the remainder of the defendant's sentence undisturbed. Accordingly, rather than being a presentence motion for leave to withdraw, as argued by Mr. Kerns, his motion was a post-sentence motion for leave to withdraw. The trial court determined that Mr. Kerns had failed to establish a manifest injustice that would permit him to withdraw his plea. Accordingly, the trial court set a resentencing hearing limited to fixing the mistake in that part of Mr. Kerns's sentence related to post-release control.

{¶6}   The trial court filed a Judgment Entry on April 5, 2011, by which it corrected that part of Mr. Kerns's sentence related to post-release control.  Specifically, it wrote that, "[a]s part of this sentence, the defendant is ordered to serve a mandatory period of post release control for 5 years imposed by the Parole Board, and any prison term for violation of that post release control."  Mr. Kerns filed his notice of appeal to this Court on April 21, 2011.

## THE MOTION TO WITHDRAW PLEA

{¶7}   Mr. Kerns's first assignment of error is that the trial court incorrectly denied his motion for leave to withdraw his no-contest plea.  As mentioned, the trial court denied that motion on March 17, 2011.  That denial was an immediately appealable order.  *State v. Damron*, 4th Dist. No. 10CA3375, 2011-Ohio-165, at ¶7; *State v. Kramer*, 10th Dist. No. 03AP-633, 2004-Ohio-2646, at ¶8.  Accordingly, under Rule 4(A) of the Ohio Rules of Appellate Procedure, Mr. Kerns had 30 days after March 17, 2011, within which to appeal that denial.  Because the thirtieth day fell on a Saturday, he had until April 18, 2011.  He did not file his notice of appeal, however, until April 21, 2011, 35 days after the trial court denied his motion for leave to withdraw.  To the extent his appeal challenges the trial court's denial of his motion for leave to withdraw, therefore, it must be dismissed.

## THE TRIAL COURT'S REFUSAL TO VACATE MR. KERNS'S CONVICTION

{¶8}   Mr. Kerns's second assignment of error is that the trial court should have vacated his conviction because the Attorney General's reclassification of him to Tier III sex offender was unconstitutional.  Mr. Kerns failed to raise this argument at the time the trial court originally sentenced him and failed to appeal from that sentencing.  Despite the trial court's mistake in imposing post-release control, the rest of its judgment was and remains valid.  *State v. Singleton*, 124 Ohio St. 3d 173, 2009-Ohio-6434, at ¶24.  Accordingly, his argument regarding the

constitutionality of his reclassification is barred by the doctrine of res judicata. *State v. Ketterer*, 126 Ohio St. 3d 448, 2010-Ohio-3831, at ¶59 ("Res judicata bars the assertion of claims against a valid, final judgment of conviction that have been raised or could have been raised on appeal."); *State v. Rexroad*, 9th Dist. No. 22214, 2004-Ohio-6271, at ¶8 ("That a defendant failed to directly appeal from his conviction and sentence does not prevent the application of the doctrine of res judicata."). Mr. Kerns's second assignment of error is overruled.

CONCLUSION

**{¶9}** To the extent that Mr. Kerns has attempted to appeal from the trial court's denial of his motion for leave to withdraw his no contest plea, his appeal is dismissed. His second assignment of error is overruled, and the trial court's resentencing him to properly impose post-release control is affirmed.

Appeal dismissed in part,
judgment affirmed in part.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CLAIR E. DICKINSON
FOR THE COURT

WHITMORE, J.
CONCURS

BELFANCE, P. J.
CONCURS, SAYING:

{¶10} I concur. I write separately to note that Mr. Kerns has not sought a delayed appeal from the March 25, 2010 conviction and I do not read our opinion to imply that Mr. Kerns is foreclosed from pursuing other potential remedies concerning that conviction.

APPEARANCES:

CONRAD G. OLSON, Attorney at Law, for Appellant.

DEAN HOLMAN, Prosecuting Attorney, and MATTHEW KERN, Assistant Prosecuting Attorney, for Appellee.