[Cite as *Hageman v. Bryan City School Dist.*, 2019-Ohio-223.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Janet Hageman, | : | |
| Appellee-Appellee, | : | |
| | : | No. 17AP-742 |
| v. | : | (C.P.C. No. 17CV-2412) |
| Bryan City Schools, | : | (REGULAR CALENDAR) |
| Appellant-Appellant. | : | |

D E C I S I O N

Rendered on January 24, 2019

**On brief:** *Thomas A. Sobecki*, for appellee. **Argued:** *Thomas A. Sobecki.*

**On brief:** *Ennis Britton Co., LPA, C. Bronston McCord, III, Pamela A. Leist*, and *J. Michael Fischer*, for appellant. **Argued:** *J. Michael Fischer.*

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Appellant, Bryan City School District Board of Education, appeals from a judgment of the Franklin County Court of Common Pleas affirming an order of the State Personnel Board of Review ("SPBR") ordering appellee, Janet Hageman, be reinstated to her position as an assistant treasurer. For the following reasons, we affirm.

**I. Facts and Procedural History**

{¶ 2} Hageman was employed by the Bryan City School District ("BCSD") as an assistant treasurer, under the supervision of BCSD's treasurer, Rob Rosswurm. On January 6, 2012, Rosswurm purchased a computer for his daughter through BCSD. Rosswurm's daughter did not attend a BCSD school. The invoice stated the purchase was tax exempt and indicated it was made on behalf of BCSD. The purchase was paid for by a

BCSD check dated February 2, 2012. On January 25, 2012, Rosswurm paid BCSD for the cost of the computer. On November 21, 2013, Hageman reported Rosswurm's computer purchase to the State Auditor's office, indicating that sales tax was not paid on the purchase. Over two years after the purchase, on July 15, 2014, Rosswurm paid the State Treasurer for the cost of the sales tax on the computer.

{¶ 3} On July 10, 2014, Hageman met with Rosswurm about a pay increase request, and Rosswurm informed Hageman she would not receive the requested pay increase. During the meeting, Hageman told Rosswurm she had reported the computer purchase to the State Auditor's fraud line based on misappropriation of funds. Rosswurm subsequently claimed that Hageman verbally attacked him at the meeting; Hageman asserted she did not say anything inappropriate. As a result of Rosswurm's allegation, a disciplinary hearing was conducted and BCSD superintendent Diana Savage issued a written reprimand to Hageman and suspended her for two days.

{¶ 4} Hageman testified she reported Rosswurm's computer purchase to certain members of appellant in July 2014 and also raised the issue in July 2015 at a meeting where one member of appellant was present.

{¶ 5} Hageman was subjected to discipline a second time in December 2015, based on allegations from a BCSD custodian and union representative who stated that Hageman spoke disparagingly of another member of the BCSD treasurer's office staff. A notice of disciplinary hearing was issued on December 8, 2015. As a result of the disciplinary hearing, Savage suspended Hageman for three days and implemented a performance improvement plan.

{¶ 6} On December 8, 2015, Hageman reported Rosswurm's computer purchase to the Williams County Sheriff's Department. Hageman met with the Williams County Sheriff on December 11, 2015 and advised him she believed Rosswurm misappropriated funds and used his office for personal gain by purchasing the computer for his daughter through BCSD.

{¶ 7} Hageman was subjected to discipline by BCSD for a third time in April 2016, based on allegations of creating a disruptive work environment, displaying unprofessional behavior, and dishonesty, related to a text message Rosswurm claimed he received from Hageman's phone number. At a disciplinary hearing, Hageman claimed she did not send

the alleged text message, but Savage concluded she had sent it. On May 25, 2016, Savage recommended to appellant that Hageman be discharged; on May 31, 2016, appellant voted to terminate Hageman's employment contract.

{¶ 8}   Hageman appealed her termination to the SPBR.   An administrative law judge ("ALJ") conducted a hearing on the appeal on September 29, December 19, and December 20, 2016.  Following the hearing, the ALJ issued a report and recommendation concluding Hageman was terminated because she filed the report with the Williams County Sheriff, and the report was protected activity under R.C. 124.341. The ALJ recommended the termination be disaffirmed and Hageman be reinstated to the position of account clerk. The SPBR adopted the ALJ's recommendation, with a limited exception that Hageman's proper job title was assistant treasurer, and ordered that Hageman be reinstated to that position.

{¶ 9}   Appellant appealed SPBR's order to the Franklin County Court of Common Pleas pursuant to R.C. 119.12, asserting the order was not supported by reliable, probative, and substantial evidence.  The common pleas court affirmed the SPBR order, concluding it was supported by reliable, probative, and substantial evidence.

## II. Assignments of Error

{¶ 10} Appellant appeals and assigns the following two assignments of error for our review:

> [I.] The Common Pleas Court abused its discretion by failing to determine whether the State Personnel Board of Review's finding that Appellee is a whistleblower within the meaning of, and entitled to the protection of, R.C. 124.341 is supported by reliable, probative and substantial evidence in the administrative record.
>
> [II.] The Common Pleas Court abused its discretion by affirming the State Personnel Board of Review's decision that Appellee was terminated because she engaged in protected whistleblowing activities when that decision is not supported by reliable, probative and substantial evidence in the administrative record.

## III. Analysis

{¶ 11}   We must begin our review of this appeal by considering a jurisdictional issue. R.C. 119.12(B) provides for an appeal to the common pleas court by a party adversely affected by an agency order issued pursuant to certain adjudications. R.C. 119.12(N) provides for appeal of the decision of the common pleas court to the court of appeals:

> The judgment of the court [of common pleas] shall be final and conclusive unless reversed, vacated, or modified on appeal. These appeals may be taken either by the party or the agency, shall proceed as in the case of appeals in civil actions, and shall be pursuant to the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505. of the Revised Code. An appeal by the agency shall be taken on questions of law relating to the constitutionality, construction, or interpretation of statutes and rules of the agency, and, in the appeal, the court may also review and determine the correctness of the judgment of the court of common pleas that the order of the agency is not supported by any reliable, probative, and substantial evidence in the entire record.

For purposes of Revised Code Chapter 119, "party" is defined as "the person whose interests are the subject of an adjudication by an agency."  R.C. 119.01(G).  "Person" is defined as a "person, firm, corporation, association, or partnership." R.C. 119.01(F).

{¶ 12} In the context of determining the right to appeal a decision of the State Employment Relations Board, the Supreme Court of Ohio has held that because a county board of developmental disabilities is a governmental unit of a county, which is a political subdivision of the state, the county board was a body corporate and politic and fell within the definition of "person" set forth in R.C. 119.01(F). Therefore, the court reasoned, the county board could be a "party" within the definition set forth in R.C. 119.01(G) for purposes of applying R.C. 119.12. *Hamilton Cty. Bd. of Mental Retardation & Dev. Disabilities v. Professionals Guild of Ohio*, 46 Ohio St.3d 147, 149-51 (1989).  Similarly, this court has held, as a body corporate and politic, a county board of commissioners is a corporation within the definition of "person" under R.C. 119.01(F) and, accordingly, may be a "party" within the meaning of R.C. 119.01(G) and 119.12.  *Staples v. Ohio Civ. Serv. Emps. Assn.*, 32 Ohio App.3d 9, 12 (10th Dist.1986).  In *Staples*, this court relied in part on the definition of a political subdivision contained in R.C. 2744.01(F); that definition also includes school districts, and the reasoning in *Hamilton County* and *Staples* would apply with equal force

to BCSD in the present case.  Thus, we conclude appellant fits within the definition of "party" set forth in R.C. 119.01(G) for purposes of applying R.C. 119.12 and will consider the merits of its appeal.[1]

{¶ 13} In an administrative appeal under R.C. 119.12, the common pleas court reviews the entire record and determines whether an agency's order is supported by reliable, probative, and substantial evidence and is in accordance with law. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).  The standard of review for a court of appeals in an administrative appeal is more limited; we must determine whether the common pleas court abused its discretion. *Id.* An abuse of discretion occurs when a decision is unreasonable, arbitrary, or unconscionable.  *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). "A decision is unreasonable if there is no sound reasoning process that would support that decision." *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161 (1990). An arbitrary decision is one that lacks adequate determining principle and is not governed by any fixed rules or standard. *Porter, Wright, Morris & Arthur, LLP v. Frutta del Mondo, Ltd.*, 10th Dist. No. 08AP-69, 2008-Ohio-3567, ¶ 11.  An unconscionable decision may be defined as one that affronts the sense of justice, decency, or reasonableness. *Id.* On questions of whether an agency's decision was in accordance with law, we exercise plenary review. *Gralewski v. Ohio Bur. of Workers' Comp.*, 167 Ohio App.3d 468, 2006-Ohio-1529, ¶ 17 (10th Dist.).

{¶ 14} Appellant argues in its first assignment of error that the common pleas court abused its discretion by failing to determine whether SBPR's conclusion that Hageman was entitled to protection under the whistleblower statute was supported by reliable, probative, and substantial evidence. Appellant asserts Hageman failed to establish she had a reasonable, good-faith belief that Rosswurm had committed a criminal offense.  Appellant further claims the fact that Hageman's report to the Williams County Sheriff was made nearly four years after the computer purchase must be considered in determining whether she had a reasonable, good-faith belief that the purchase was a criminal offense.

---

[1] We acknowledge this court's recent decision in *Ohio Veterans Home v. Taylor*, 10th Dist. No. 17AP-867, 2018-Ohio-3879, dismissing an appeal from a decision of the common pleas court affirming a decision of the SPBR pursuant to the jurisdictional limitation set forth in R.C. 119.12(N). The appellant in that case was a state entity, not a unit of a county government. The definitions of "party" and "person" set forth in R.C. 119.01 may apply differently in that scenario. *See Dept. of Adm. Servs., Office of Collective Bargaining v. State Emp. Relations Bd.*, 54 Ohio St.3d 48, 51-53 (1990).

{¶ 15} Ohio's whistleblower-protection statute provides that "[i]f an employee in the classified or unclassified civil service becomes aware in the course of employment of a violation of state or federal statutes, rules, or regulations or the misuse of public resources, and the employee's supervisor or appointing authority has authority to correct the violation or misuse, the employee may file a written report identifying the violation or misuse with the supervisor or appointing authority." R.C. 124.341(A). The employee also may file a written report with the office of internal audit or the state auditor's fraud-reporting system. R.C. 124.341(A). Further, the statute provides if the employee reasonably believes a violation or misuse of public resources is a criminal offense, she may report it to a prosecutor or law enforcement official, including a sheriff. R.C. 124.341(A). With limited exceptions, an employee may not be subjected to disciplinary action for making a whistleblower report. R.C. 124.341(B).

{¶ 16} Under R.C. 124.341(C), an employee must make a "reasonable effort to determine the accuracy of any information reported under [R.C. 124.341(A)]." An employee is not required to prove that an actual statutory violation occurred, only that she reasonably believed a statutory violation occurred. *Leslie v. Ohio Dept. of Dev.*, 171 Ohio App.3d 55, 2007-Ohio-1170, ¶ 63 (10th Dist.), citing *Fox v. Bowling Green*, 76 Ohio St.3d 534 (1996). In light of the good-faith requirement under the statute, this court has held "it is both reasonable and logical to look at the context in which the report was made, as well as the content of the report." *Haddox v. Ohio State Atty. Gen.*, 10th Dist. No. 07AP-857, 2008-Ohio-4355, ¶ 34.

{¶ 17} In the present case, Hageman testified before the ALJ that prior to making her report to the Williams County Sheriff, she had reported Rosswurm's computer purchase to the State Auditor's office and to certain members of appellant. She further testified that she believed the disciplinary action in December 2015 was part of a continued pattern of retaliation due to her prior reports. Hageman explained her reasons for reporting the matter to the Williams County Sheriff in December 2015:

> But I wanted to – I was – I felt that my boss had changed his treatment of me since July 10th, 2014, and I felt that this was a continuation – a possible continuation of the retaliation, so I went to the Sheriff because I knew the law had been broken from conferences I'd gone to and (Inaudible) I had spoken to, and no one in the administration where I had reported it to up

to that point had done anything, even though they had charged another administrator with the same charges, and turned it into the police when she misappropriated funds.

(Sept. 29, 2016 Tr. at 129-30.) Hageman further testified she also believed the computer purchase was illegal based on Rosswurm's responses to similar requests from other school employees:

ALJ: Okay. Well, let me just go ahead and ask you. Why did you believe that Mr. Rosswurm's alleged purchase of this computer through the school was a – was – was – that there was something wrong with it? Why did you believe that?

[Hageman]: Because actually – we had had employees since my employment that had come to the treasurer's department and asked, "Can we buy something through the school and then reimburse the school," and [Rosswurm] had told them no.

ALJ: Did – did you know why he said no?

[Hageman]: Because he said it was illegal.

(Sept. 29, 2016 Tr. at 130-31.) Later in the hearing, Hageman reiterated her explanation:

Q: And why did you call Steve Towns – Sheriff Towns that morning?

A: Because I had gone to multiple administrators above me, to include board members, my supervisor, and the Superintendent Diana Savage with a possible illegal activity, since my boss had misappropriated funds for personal use to buy a computer and printer for his daughter through the school's books, when he had told me throughout the years, "When other employees would call me and say, 'Can I put something on this order and then just pay the school back,' " he specifically said, "You cannot do that because you would be avoiding sales tax."

Q: And when you said "he" several times in your answer, who were you referring to?

A: Rob Rosswurm.

(Dec. 20, 2016 Tr. at 564-65.) However, Hageman admitted on cross-examination that an auditor from the State Auditor's office told her during the regular audit of BCSD in autumn

2014 that the situation was resolved because Rosswurm had reimbursed the school for the purchase and had separately paid the sales tax for the purchase.

{¶ 18} Based on our review of the record, we cannot conclude the common pleas court abused its discretion by finding there was reliable, probative, and substantial evidence to support SPBR's conclusion that Hageman's report to the Williams County Sheriff was protected under R.C. 124.341. As set forth above, Hageman explained the basis for her belief that the computer purchase was a criminal offense and the reason for her delay in reporting the matter to the sheriff. Although there was competing evidence regarding whether it was reasonable for Hageman to believe the computer purchase constituted a criminal act, generally in an R.C. 119.12 appeal, the common pleas court should defer to an agency's determination regarding witness credibility and the weight assigned to the evidence. *Trish's Café & Catering, Inc. v. Ohio Dept. of Health*, 195 Ohio App.3d 612, 2011-Ohio-3304, ¶ 25 (10th Dist.). The ALJ must have concluded Hageman was credible because he found her report to the Williams County Sheriff was protected under R.C. 124.341, and SPBR adopted that finding. The common pleas court afforded deference to SPBR's weighing of the evidence and we do not find the common pleas court's decision affirming SPBR's conclusion was unreasonable, arbitrary, or unconscionable.

{¶ 19} Accordingly, we overrule appellant's first assignment of error.

{¶ 20} In its second assignment of error, appellant asserts the common pleas court abused its discretion by affirming SPBR's conclusion that Hageman was terminated because she engaged in activity that was protected under R.C. 124.341. Appellant claims Hageman failed to establish that the whistleblower report was the sole reason she was terminated, arguing that Hageman would have been terminated due to her disrespectful and unprofessional behavior, not because of her report to the Williams County Sheriff.

{¶ 21} In *Leslie*, this court concluded there was no reliable, probative, and substantial evidence to support the employee's claim that his whistleblowing activity motivated his employer's decision to terminate him. *Id.* at ¶ 50. The court noted that the employee's immediate supervisors testified the decision to terminate him was based solely on his insubordinate behaviors. Similarly, the director of his department testified he was only told that the employee had engaged in unwelcome behavior toward a co-worker, and had failed to follow instructions not to have any personal contact with that co-worker. *Id.*

Based on this evidence, the court affirmed the trial court's conclusion that there was no reliable, probative, and substantial evidence showing the termination decision was motivated by the employee's whistleblowing activity.

{¶ 22} By contrast, in the present case, there was evidence that Hageman's supervisors and members of appellant were aware of Hageman's whistleblowing activity at the time of her termination. Hageman testified she did not have any problems with Rosswurm prior to July 10, 2014, when she informed him that she had reported the computer purchase to the auditor's fraud line. Hageman testified that afterward her relationship with Rosswurm changed and he made comments that he could demote her if he wished. Hageman also testified she first informed Savage about Rosswurm's computer purchase on August 1, 2014, during the first disciplinary proceeding. Hageman further testified she alleged to Savage that Rosswurm was retaliating against her for having reported the purchase.

{¶ 23} Savage testified the text message involved in the final disciplinary incident was not necessarily offensive, but she believed there was a pattern of disrespectful and unprofessional behavior by Hageman. Savage stated she recommended to appellant that Hageman be terminated for that reason. However, there was evidence from which the SPBR could conclude that Hageman's whistleblowing activity was considered in the termination decision. Savage admitted she knew about the computer purchase before Hageman informed her about it, testifying Rosswurm told her at the time that he was purchasing a computer for his daughter through the school and planned to reimburse the school for the cost. Savage testified this did not cause any concern for her at the time, but in retrospect she recognized it differed from the school's practice of reimbursing teachers who purchased classroom materials from their personal funds. Savage further testified she would have an obligation to notify appellant if she became aware of the school treasurer engaging in misconduct. Thus, there was reliable, probative, and substantial evidence to support the ALJ's conclusion that Hageman's whistleblowing activity was a potential problem for Savage and may have motivated her decision to recommend termination. Because there was reliable, probative, and substantial evidence to support the ALJ's conclusions, which were adopted by SPBR, the common pleas court did not abuse its discretion by affirming SPBR's decision.

{¶ 24}  Accordingly, we overrule appellant's second assignment of error.

**IV. Conclusion**

{¶ 25}   For the foregoing reasons, we overrule appellant's two assignments of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BROWN and HORTON, JJ., concur.

————————————