[Cite as *State v. Clements*, 2026-Ohio-1589.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio

    Appellee

v.

Dujuan Clements

    Appellant

Court of Appeals No.  L-25-00145

Trial Court No.  CR 24 2287

**<u>DECISION AND JUDGMENT</u>**

Decided: May 1, 2026

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Lorrie J. Rendle, Assistant Prosecuting Attorney, for appellee.

Laurel A. Kendall, for appellant.

* * * * *

**ZMUDA, J.**

**{¶ 1}** Defendant-appellant, Dujuan Clements, appeals the June 13, 2026 judgment of the Lucas County Court of Common Pleas, assessing the costs of appointed counsel. He also purports to appeal the trial court's decision denying his motion to withdraw his *Alford* plea, which was journalized in a separate judgment on July 10, 2025.  For the following reasons, we reverse the trial court's assessment of appointed counsel fees, but dismiss for lack of jurisdiction his assignments of error premised on the court's July 10, 2025 judgment.

## I. Background

{¶ 2} Dujuan Clements was charged with the following offenses in connection with the August 19, 2024 shooting death of D.B.: aggravated murder, a violation of R.C. 2903.01(A) and (G), an unclassified felony (Count 1); aggravated murder, a violation of R.C. 2903.01(B) and (G), an unclassified felony (Count 2); murder, a violation of R.C. 2903.02(A), an unclassified felony (Count 3); murder, a violation of R.C. 2903.02(B), an unclassified felony (Count 4); felonious assault, a violation of R.C. 2903.11(A)(2) and (D), a second-degree felony (Count 5); kidnapping, a violation of R.C. 2905.01(A)(3) and (C), a first-degree felony (Count 6); having weapons while under disability, a violation of R.C. 2923.13(A)(2) and (B), a third-degree felony (Count 7); and discharge of a firearm at or near a prohibited premises, a violation of R.C. 2923.162(A)(3) and (C)(4), a first-degree felony (Count 8). Counts 1 through 6 included three-year firearm and repeat violent offender specifications under R.C. 2941.145(A) and 2941.149, respectively; Count 8 included a three-year firearm specification.

{¶ 3} On June 12, 2025, the State and Clements reached an agreement pursuant to which Clements entered a plea of guilty under *North Carolina v. Alford* to Count 1, amended to involuntary manslaughter, a violation of R.C. 2903.04(A) and (C), a first-degree felony, with the attached firearm specification; Count 7; and Count 8, with the attached firearm specification. The trial court accepted Clements's plea, made a finding of guilty, and proceeded directly to sentencing. It imposed a prison term of a minimum of 11 years to a maximum of 16 and one-half years on Count 1, plus three years on the attached specification; 24 months on Count 7; and a minimum of 11 years to a maximum

2.

of 16 and one-half years on Count 8, plus three years on the attached specification.  It ordered that Clements's sentences be served consecutively for a total prison term of 30 years to a maximum prison term of 35 and one-half years.  This sentence had been agreed upon by the parties as part of the plea agreement.

{¶ 4} Clements's conviction and sentence were memorialized in a judgment journalized on June 13, 2025.  At some point thereafter, Clements sent letters directly to the court indicating that he wanted to withdraw his plea.  A hearing took place on June 25, 2025.  Clements told the court that he had felt pressured to accept the plea, he maintained his innocence, and he indicated that he had always desired to go to trial.  He also expressed dissatisfaction with the fact that he had not been sentenced to a flat 30-year prison sentence.  The State characterized Clements's desire to withdraw his plea as "buyers remorse (sic) as to the sentence imposed."  It emphasized that the sentence had been agreed upon, and it expressed that Clements had no legal right to withdraw the plea post-sentence.

{¶ 5} The trial court denied Clements's motion to withdraw his plea at the hearing, but "preserve[d]" the objection and request for appeal.  It issued a written order denying Clements's motion, which was journalized on July 10, 2025.

{¶ 6} On June 30, 2025, before the order on the motion to withdraw his plea was journalized, Clements filed a notice of appeal of the June 13, 2025 sentencing judgment; he did not file a new appeal or move to amend his original notice of appeal after the entry of the July 10, 2025 judgment.  Nevertheless, Clements assigns the following errors for our review:

3.

I.     The trial court abused its discretion when it denied Appellant's request to withdraw his plea when the record does not reflect when the motion to withdraw plea was made, i.e. before or after sentencing.

II.     Appellant received ineffective assistance of counsel to the extent there is no documentation in the record as to when Appellant made his motion to withdraw his plea.

III.     The trial court abused its discretion when it imposed the costs of appointed counsel without discussion of Appellant's ability to pay at the time of his release.

## II. Law and Analysis

{¶ 7} Clements's first and second assignments of error, respectively, claim that the trial court abused its discretion and trial counsel was ineffective because the record does not reflect when Clements made his motion to withdraw his plea—"i.e., before or after sentencing." His third assignment of error challenges the imposition of the costs of appointed counsel.[1]

### A. Motion to Withdraw Plea

{¶ 8} In his first assignment of error, Clements argues that "[w]ithout documentation on the record as to when the request [to withdraw his guilty plea] was made, let alone how it was made, i.e., in writing or orally, this court should find that the trial court abused its discretion when it denied Appellant's Motion to Withdraw Pleas without a hearing." In his second assignment of error, he claims that trial counsel's

---

[1] The State also asks us to remand this matter to the trial court for entry of a nunc pro tunc entry to correct a clerical error misidentifying the applicable subsection of R.C. 2923.13(A)—Clements was indicted and pled to a violation of R.C. 2923.13(A)(2) but the sentencing judgment mistakenly references R.C. 2923.13(A)(3). The State has not filed a cross-appeal, so we decline to grant the relief it seeks. Following the entry of this decision, the State can address its request directly to the trial court.

4.

performance was ineffective because "there is no documentation in the record as to whether the motion was made before or after sentencing." We dismiss Clements's first and second assignments of error for lack of jurisdiction.

{¶ 9} Clements's first two assignments of error revolve entirely around the supposed lack of clarity as to when the motion to withdraw his plea was made—pre- or post-sentence. For the reasons explained below, we agree that the timing of the motion is significant. But the record makes very clear that this was a post-sentence motion to withdraw a plea. In arguing otherwise, it is apparent that appellate counsel has not carefully reviewed the record.

{¶ 10} To begin with, counsel did not order the transcript of the June 25, 2025 hearing on Clements's motion. It seems that she did not read the transcript even after we granted the State's motion to supplement the record with this transcript. Even without the hearing transcript, it can easily be deduced that Clements's motion was made post-sentence—the trial court accepted Clements's plea on June 12, 2025, *then proceeded directly to sentencing.* No motion was made between the trial court's acceptance of the plea and its announcement that it was going forward with sentencing.

{¶ 11} But review of the June 25, 2025 transcript would have left no doubt that this was a post-sentence motion to withdraw a guilty plea. At the June 25, 2025 hearing, the trial court explained that after "go[ing] through the entire plea and sentence," but before he was transported to the penitentiary, Clements sent letters to the court requesting to withdraw his plea. The court essentially treated this request as an oral motion, and—

5.

contrary to Clements's claim that the motion was denied "without a hearing"—it held a hearing on June 25, 2025.

{¶ 12} A trial court's sentencing entry in a criminal case is a final, appealable order. *State v. Lester,* 2011-Ohio-5204, paragraph one of the syllabus. So too is a judgment denying a post-sentence motion to withdraw a guilty plea. *State v. Bennett,* 2012-Ohio-3664, ¶ 15 (9th Dist.), citing *State v. Kerns,* 2011-Ohio-6788, ¶ 7 (9th Dist.); *State v. Rock,* 2017-Ohio-9339, ¶ 6 (11th Dist.). *But see State v. Harris,* 2021-Ohio-1431, ¶ 4 (2d Dist.) (finding that oral motion to withdraw plea made immediately after the trial court imposed sentence was an interlocutory order that merged into the final judgment of conviction). Under App.R. 3(D) a "notice of appeal . . . shall designate the judgment, order or part thereof appealed from[.]"

{¶ 13} Here, the only judgment designated in Clements's notice of appeal was the June 13, 2025 sentencing entry. Clements failed to appeal the judgment denying his motion to withdraw his guilty plea, which was journalized on July 10, 2025. If Clements intended to appeal the denial of his post-sentence motion to withdraw his guilty plea, he was required to file a notice of appeal designating that judgment. His failure to do so deprives this court of jurisdiction to consider assignments of error relating to the denial of his motion to withdraw his plea. *See Bennett* at ¶ 16; *State v. Kennedy*, 2002-Ohio-42, * 2 (8th Dist.) ("[T]he order denying the motion to withdraw not being designated in the appellant's notice of appeal, this court lacks jurisdiction to review the order denying the motion."); *State v. Dixon,* 2004-Ohio-1593, ¶ 8 (9th Dist.) (explaining that it lacked authority to review denial of post-sentence motion to withdraw plea where the defendant

6.

did not file a new notice of appeal or seek to amend his prior notice of appeal to include that judgment, which had been entered after defendant filed appeal from sentencing judgment); *State v. Brantweiner,* 2020-Ohio-5235, ¶ 15 (11th Dist.) ("Because Brantweiner did not appeal from the order denying the motion to withdraw, we lack jurisdiction to review the order denying the motion.").

{¶ 14} We, therefore, dismiss Clements's first and second assignments of error.

### B.  Costs of Appointed Counsel

{¶ 15} In his third assignment of error, Clement argues that the trial court erred when it imposed the costs of appointed counsel without discussing his ability to pay.  The Ohio Supreme Court clarified in *State v. Taylor*, 2020-Ohio-6786, ¶ 32, that although costs of appointed counsel may be imposed at sentencing, they are not part of a defendant's sentence.  As such, "we do not review the issue under R.C. 2953.08 for appeals based on felony sentencing."  *State v. Radabaugh,* 2024-Ohio-5640, ¶ 79 (3d Dist.), *appeal not allowed,* 2025-Ohio-231.  Rather, we employ an abuse-of-discretion standard of review.  *Id.*  *See also Taylor* at ¶ 41 (DeWine, J. concurring) (signaling that proper standard of review is abuse of discretion).

{¶ 16} An abuse of discretion connotes that the trial court's attitude is unreasonable, arbitrary, or unconscionable.  *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).  An unreasonable decision is one that lacks sound reasoning to support the decision.  *Hageman v. Bryan City Schools*, 2019-Ohio-223, ¶ 13 (10th Dist.).  "An arbitrary decision is one that lacks adequate determining principle and is not governed by any fixed rules or standard."  *Id.*, quoting *Porter, Wright, Morris & Arthur, LLP v. Frutta*

7.

*del Mondo, Ltd.*, 2008-Ohio-3567, ¶ 11 (10th Dist.). And an unconscionable decision is one "that affronts the sense of justice, decency, or reasonableness." *Id.*

{¶ 17} Under R.C. 2947.23, costs of prosecution are mandatory costs that must be imposed, subject to the trial court's discretion to waive those costs on the basis of an offender's indigency. *State v. Gilmer,* 2024-Ohio-1178, ¶ 102 (6th Dist.); *State v. Wright,* 2013-Ohio-1273, ¶ 5 (6th Dist.). Costs of appointed counsel, on the other hand, are discretionary and require consideration of the offender's ability to pay. *Gilmer* at ¶ 101.

{¶ 18} Here, at the plea and sentencing hearing, the trial court asked defense counsel: "Based on length of sentence, any request or motion regarding costs of prosecution?" Defense counsel responded: "Based on Mr. Clements currently indigency status (sic), the fact that [his defense attorneys] are appointed Counsel, and his age upon presumed release at 68 years old[,] we request that the cost of prosecution be waived." The court granted the motion to waive the costs of prosecution—mandatory costs. But it went on to assess the costs of appointed counsel—discretionary costs—to be reduced to a civil judgment. In its sentencing judgment, it indicated that Clements was "found to have or reasonably may be expected to have the means to pay all or part of the costs of appointed counsel."

{¶ 19} Under R.C. 2941.51(D), a trial court need not make specific findings on the record to justify the assessment of appointed-counsel fees. *Taylor* at ¶ 2. Nevertheless, in *Taylor*, the Ohio Supreme Court explained that the trial court's consideration of whether the defendant can reasonably be expected to pay court-appointed-counsel fees under R.C. 2941.51 involves the determination of "myriad factors similar to those a court

8.

would use to evaluate a defendant's ability to pay court costs under R.C. 2947.23." *Id.* at ¶ 29. Here, given the trial court's findings with respect to the waiver of the mandatory costs of prosecution, we conclude that its decision to assess the discretionary costs of appointed counsel—requiring consideration of essentially the same factors—was an abuse of discretion. *See Radabaugh,* 2024-Ohio-5640, at ¶ 81-85 (3d Dist.), *appeal not allowed,* 2025-Ohio-231 (concluding that trial court abused its discretion in assessing appointed-counsel costs where court's finding that defendant may reasonably be expected to pay costs of appointed counsel was at odds with its recognition that defendant "realistically" lacked ability to pay other financial sanctions).

{¶ 20} Accordingly, we find Clements's third assignment of error well-taken and vacate the assessment of the costs of appointed counsel.

### III. Conclusion

{¶ 21} We dismiss Clements's first and second assignments of error for lack of jurisdiction. Clements never appealed the July 10, 2025 judgment denying his motion to withdraw his plea.

{¶ 22} We find Clements's third assignment of error well-taken. Given that the decision whether to impose the costs of appointed counsel required the same considerations as those for waiving the costs of prosecution, we conclude that the trial court abused its discretion when it waived prosecution costs but ordered Clements to pay the costs of appointed counsel.

{¶ 23} We vacate the June 13, 2025 judgment of the Lucas County Court of Common Pleas *only* as to the imposition of the costs of appointed counsel. The June 13,

9.

2025 judgment is in all other respects affirmed.  Clements and the State are ordered to

share the costs of this appeal under App.R. 24.

Judgement vacated, in part, and affirmed, in part.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Thomas J. Osowik, P.J.

JUDGE


Gene A. Zmuda, J.

JUDGE


Myron C. Duhart, J.
CONCUR.

JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.