[Cite as *State v. Dyer*, 2026-Ohio-2387.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                         Court of Appeals No. WD-25-061

      Appellee

                                        Trial Court No. 2022CR0291

v.

Davante Vasquez Dyer                            **DECISION AND JUDGMENT**

      Appellant                                  Decided: June 23, 2026

* * * * *

Paul A. Dobson, Wood County Prosecutor, and
Kristofer A. Kristofferson, Assistant Prosecutor, for appellee.

Samuel E. Gold, for appellant.

* * * * *

**MAYLE, J.**

{¶ 1} Defendant-appellant, Davante Vasquez Dyer, appeals the August 29, 2025 judgment of the Wood County Court of Common Pleas, which revoked his community control and sentenced him to prison for his original domestic-violence conviction. For the following reasons, we affirm the trial court judgment.

## I.    Background

{¶ 2} Davonte Vasquez Dyer ("Vasquez") was indicted on one count of domestic violence, a violation of R.C. 2919.25(A) and (D)(4), a third-degree felony. A plea agreement was reached with the State, pursuant to which Vasquez entered a plea of guilty to the amended, reduced charge of domestic violence, a violation of R.C. 2919.25(A) and (D)(3), a fourth-degree felony. The State agreed to recommend a sentence of community control.

{¶ 3} The trial court accepted Vasquez's plea, made a finding of guilty, ordered a presentence investigation, and continued the matter for sentencing. At the sentencing hearing, it accepted the State's recommendation and imposed a three-year period of community control, subject to numerous conditions, including, inter alia, that he (1) serve a period of 90 days in the Wood County Justice Center ("WCJC") and obey all rules and regulations of the jail; (2) report to the Adult Probation Department within 72 hours of his release from WCJC; (3) serve a period of 60 days in the Wood County Electronic Home Monitoring Program and follow the program's rules and regulations; (4) complete assessments for chemical dependency/substance abuse treatment, mental health counseling, and anger management counseling, and successfully complete any recommended services; (5) abstain from alcoholic beverages and illegal drugs and submit to random testing at the discretion of Adult Probation; and (6) obtain and maintain lawful employment. The trial court cautioned Vasquez that a violation of community-control sanctions could lead to a more restrictive sanction, a longer period of community control,

2.

or a reserved prison term of six to 18 months. Vasquez's sentence was memorialized in a judgment journalized on December 20, 2022.

{¶ 4} Following imposition of this sentence, Vasquez was brought before the court three times on violations of the conditions of community control.

{¶ 5} The first violation was documented on May 3, 2023. Vasquez had been released from the WCJC on March 17, 2023, but did not report to Probation within 72 hours of his release, as was required under the December 20, 2022 judgment. At a hearing on the State's petition to revoke community control, Vasquez stipulated to the violation. The trial court found Vasquez to have violated the terms of community control. It continued Vasquez on community control with all current conditions, added the condition of intensive supervision, and ordered Vasquez to immediately begin serving the previously-ordered 60-day period of house arrest. The court reserved a prison term of 18 months.

{¶ 6} The second violation was documented on September 8, 2023. Vasquez had failed to report for two office appointments with Probation and had not called for his nightly curfew since August 29, 2023. At a hearing on the State's petition to revoke community control, Vasquez stipulated to the violation. The trial court found Vasquez to have violated the terms of community control. It continued Vasquez on community control with all current conditions, and it added the conditions that Vasquez enter into and successfully complete the SEARCH program at Northwest Community Corrections Center, follow all recommendations of aftercare, and report to Probation within 72 hours of his release from SEARCH. The court reserved a prison term of 18 months.

3.

{¶ 7} The third violation was documented on August 26, 2025.  Vasquez had been unsuccessfully terminated from the SEARCH program for "physical contact with intent to harm or result in harm."  At a hearing on the State's petition to revoke community control, Vasquez stipulated that he had been removed from the program, but denied that he had been in a physical altercation.  The trial court found Vasquez to have violated the terms of community control, and further found that the violation was non-technical.  After considering the purposes and principles of sentencing under R.C. 2929.11 and the factors enumerated in R.C. 2929.12 and weighing the factors set forth in the applicable provisions of R.C. 2929.13, 2929.14, 2929.15, and 2929.16, the court concluded that Vasquez was no longer amenable to community-control sanctions and that a prison sentence was consistent with the purposes and principles of sentencing.  The court ordered Vasquez to be confined to prison for a period of 18 months, with 168 days of jail-time credit.

{¶ 8} Vasquez appealed.  He assigns the following error for our review:

The Trial Court erred by revoking Appellant's community control and imposing 18 months incarceration.

## II.    Law and Analysis

{¶ 9} In his sole assignment of error, Vasquez argues that the trial court erred when it revoked community control and imposed the reserved prison term.  He maintains that his community-control violations, though numerous, did not warrant prison, and the trial court should have given further consideration to the rehabilitative principles and purposes of sentencing under R.C. 2929.11.  Vasquez emphasizes that despite his

4.

communication lapses with the probation department, he remained employed during supervision and did not incur new criminal convictions. He distinguishes his violations from other more "egregious" violations that courts have addressed in other violation cases, such as where defendants had failed urine tests, incurred new charges, committed intentional violations of protection orders, or misrepresented their employment status. Vasquez insists that he was candid about his shortcomings, and he explains that his issues stemmed from alcohol use. He asserts that his overall behavior showed that he was amenable to community control. Vasquez asks that we find the revocation of community control erroneous.

{¶ 10} The State responds that a sentence imposed after a stipulated community-control violation is not clearly and convincingly contrary to law under R.C. 2953.08(G). It argues that Vasquez's assignment of error is not reviewable because R.C. 2953.08(G)(2) prohibits appellate courts from independently reweighing the R.C. 2929.11 and 2929.12 factors. It maintains that Ohio cases make clear that appellate courts cannot substitute their judgment for the trial court as to which sentence best complies with these statutes. The State points out that although the trial court was not obligated to make findings or articulate reasons for imposing a prison term within the statutory range, the court did so here. It contends that the only prerequisite for imposing the sentence was that the trial court advise the defendant that a violation could result in imposition of the reserved term, which the court did here.

{¶ 11} Vasquez's assignment of error suggests that he is challenging both the revocation of community control *and* the 18-month prison term that was imposed, but his

5.

argument is focused solely on the trial court's decision to revoke community control. "The right to continue on community control depends on a defendant's compliance with community control conditions and is a matter that rests within the sound discretion of the trial court." (Citations omitted.) *State v. Schreiber*, 2019-Ohio-2963, ¶ 18 (12th Dist.). We review a trial court's decision to revoke a community-control sanction for an abuse of that discretion. *State v. Calhoun*, 2019-Ohio-228, ¶ 17 (6th Dist.). An abuse of discretion connotes that the trial court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). An unreasonable decision is one that lacks sound reasoning to support the decision. *Hageman v. Bryan City Schools*, 2019-Ohio-223, ¶ 13 (10th Dist.). "An arbitrary decision is one that lacks adequate determining principle and is not governed by any fixed rules or standard." *Id.*, quoting *Porter, Wright, Morris & Arthur, LLP v. Frutta del Mondo, Ltd.*, 2008-Ohio-3567, ¶ 11 (10th Dist.). And an unconscionable decision is one "that affronts the sense of justice, decency, or reasonableness." *Id.*

{¶ 12} Under R.C. 2929.15(B)(1) and (3), if an offender violates the conditions of a community-control sanction, the court may impose a longer period of community control, a more restrictive community-control sanction, or a prison term within the range available for the underlying offense up to the maximum term specified at the original sentencing hearing. *See also Calhoun* at ¶ 18. Generally speaking, a trial court holds a "great deal of discretion" to fashion a sentence after finding that an offender has violated the conditions of community control. *Id.*

6.

{¶ 13} Here, Vasquez committed three community-control violations. He failed to report to Adult Probation after his release from prison, missed appointments with Probation and neglected to call in for his nightly curfew, and was unsuccessfully terminated from SEARCH due to a physical altercation. After each of the first two violations, the trial court cautioned Vasquez that additional violations could result in the imposition of the reserved prison term. Despite these warnings, Vasquez violated again. We decline to engage in a comparative analysis of whether Vasquez's violations were more or less "egregious" than other offenders'. Vasquez repeatedly evaded the Probation Department, then engaged in behavior that caused him to be terminated from the program meant to address the very problem that Vasquez claims led to his criminal behavior. The trial court was not obligated to give Vasquez unlimited opportunities to demonstrate that he was amenable to community control—allowing him three chances was generous. Accordingly, we conclude that the trial court did not abuse its discretion when it revoked community control and imposed the reserved sentence.

{¶ 14} We find Vasquez's assignment of error not well-taken.

### III. Conclusion

{¶ 15} The trial court did not abuse its discretion when it revoked community control and imposed the reserved sentence after Vasquez committed three separate community-control violations. After each of the first two violations, the court cautioned that additional violations could result in imposition of the reserved prison term. The trial court was not obligated to give Vasquez unlimited opportunities to demonstrate his

7.

amenability to community control. We find Vasquez's assignment of error not well-taken.

{¶ 16} We affirm the August 29, 2025 judgment of the Wood County Court of Common Pleas. Vasquez is ordered to pay the costs of this appeal under App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.


Christine E. Mayle, J.
_____
JUDGE

Myron C. Duhart, J.
_____
JUDGE

Charles E. Sulek, J.
CONCUR.
_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.